# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
NOV 19 2008
William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Clerk

BRIAN TYRONE SCOTT, )
)
Petitioner, )
)
v. ) Case No. CIV 08-287-RAW-KEW
)
DAVID PARKER, Warden, )
)
Respondent. )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, attacks his conviction in Okmulgee County District Court Case Number CF-2000-5044 for First Degree Burglary (Count I), Forcible Sodomy (Count II), Assault and Battery with a Dangerous Weapon (Count III), Unauthorized Use of a Motor Vehicle (Count IV), Assault and Battery Upon a Police Officer (Count V), and Malicious Injury to Property (Count VI).

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). The following dates are pertinent to the motion to dismiss:

08/15/2002   Petitioner's direct appeal was affirmed in part, dismissed in part, and remanded in part. *Scott v. State*, No. F-01-998 (Okla. Crim. App. Aug. 15, 2002).

11/13/2002   Petitioner's conviction became final upon expiration of the ninety-day period for a certiorari appeal to the United States

Supreme Court.

11/19/2003   Petitioner filed his first federal petition for a writ of habeas corpus, which was dismissed on Sept. 10, 2004, for failure to exhaust state court remedies. *Scott v. Franklin*, No. CIV 03-641-RAW-KEW (E.D. Okla. Sept. 10, 2004), *aff'd*, No. 04-7097 (10th Cir. Feb. 18, 2005).

01/30/2006   Petitioner filed a state petition for a writ of habeas corpus in the Alfalfa County District Court.

01/31/2006   The state district court denied petitioner's habeas corpus petition in Alfalfa County District Court Case No. WH-2006-01.

04/05/2006   The denial of petitioner's state habeas corpus action was affirmed in *Scott v. Redman*, No. HC-2006-165 (Okla. Crim. App. Apr. 5, 2006).

04/11/2007   Petitioner filed an application to assume original jurisdiction in the Oklahoma Supreme Court, which transferred the application to the Oklahoma Court of Criminal Appeals.

05/18/2007   The OCCA denied petitioner's application to assume original jurisdiction in *Scott v. State*, No. HC-2007-402 (Okla. Crim. App. May 18, 2007).

07/30/2008   Petitioner filed this petition for a writ of habeas corpus.

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The respondent correctly alleges that petitioner's deadline for filing this petition was November 13, 2003, one year from expiration of the time to file a certiorari appeal to the Supreme Court. *See* Sup. Ct. R. 13. Because petitioner did not initiate his post-conviction proceedings until January 30, 2006, after expiration of the limitation period, there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). Petitioner argues the respondent has admitted that petitioner's first federal habeas corpus petition appeared to be timely. That statement by the respondent in the initial habeas action, however, has no bearing on this case.

**ACCORDINGLY,** the respondent's motion to dismiss time barred petition [Docket #6] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 19th day of November 2008.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**